IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESPONSE GENETICS, INC., [1] | ) | |
| | ) | |
| Debtor. | ) | Case No. 15-11663 (LSS) |
| | ) | |

Objection Deadline: **April 11, 2016 at 4:00 p.m. prevailing Eastern Time**
Hearing Date: **April 18, 2016 at 2:00 p.m. prevailing Eastern Time**

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE AND GRANTING RELATED RELIEF

Response Genetics, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, dismissing the Debtor's chapter 11 case (the "**Chapter 11 Case**") and granting related relief. In support of the Motion, the Debtor respectfully states as follows:

### PRELIMINARY STATEMENT

The primary purpose of the Chapter 11 Case was to effectuate a sale of substantially all assets and wind down the operations of Response Genetics, Inc. ("**RGI**"). After an extensive prepetition and postpetition marketing effort, the Debtor successfully completed a sale (the "**Sale**") of RGI's assets to Cancer Genetics, Inc. As a result of the Sale and the anticipated imminent completion of the claims reconciliation process, the Debtor is prepared to distribute cash in amount equal to 10% of the allowed amount of general unsecured claims, which is consistent with the terms of settlement among the Debtors, prepetition lenders, and the Official Committee of Unsecured Creditors ("*Committee*") and was approved by the Court on October 2,

---

[1] The last four digits of the Debtor's tax identification number are: (5548). The location of the Debtor's former headquarters was 1640 Marengo St., 7th Floor, Los Angeles, CA 90033.

2015. *See* [Docket No. 187]. Holders of general unsecured priority claims will not receive a distribution on account of the settlement. In addition, the Debtor does not have sufficient funds to distribute to the holders of allowed general unsecured unsecured priority claims.

While all administrative expense claims will be paid, the Debtor's estate does not have sufficient funds to confirm a chapter 11 plan of liquidation and any further administration of the Debtor's case would deplete the funds being used to wind down the Debtor's remaining affairs without any meaningful benefit to the estate or creditors. The Debtor believes there is no reason to incur additional cost of administering these cases when the Debtor does not have sufficient cash to prosecute and confirm a plan of liquidation. In addition, there is no need to review potential avoidance claims arising under chapter 5 of the Bankruptcy Code because they were sold to the buyer under the asset purchase agreement. Accordingly, the Debtor seeks the entry of an order dismissing the Chapter 11 Case and authorizing the disbursement of settlement funds to the holders of allowed general unsecured claims.

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105(a), 305(a), 349, and 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

DOCS_LA:296569.5

## BACKGROUND

### A.   General Background

3.      On August 9, 2015 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case.  The Debtor is operating as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors was appointed in the Case on August 25, 2015 [Docket No. 60].  No request has been made for the appointment of a trustee or an examiner in the Case.

4.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Thomas A. Bologna in Support of First Day Motions* [Docket No. 2].

### B.   The Sale

5.      As discussed above, the primary purpose of the Chapter 11 Case was to effectuate a sale of substantially all its assets (the "**Assets**") and wind down its operations.

6.      On October 1, 2015, the Court entered its *Order (A) Approving The Sale Of Substantially All Of The Debtor's Assets and (B) Approving The Assumption And Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 186] authorizing the sale of substantially all of the Debtor's assets to Cancer Genetics, Inc. and the payment of substantially all net proceeds of the Sale (the "**Sale Proceeds**") to its pre- and post- petition lender, SWK Funding, LLC ("**SWK**").

3

7.      On October 1, 2015, the Court entered its *Order Granting Joint Motion Of The*

*Official Committee Of Unsecured Creditors And The Debtor For Order Approving Compromise*

*Of Controversies In Accordance With Settlement Term Sheet* [Docket No. 187] (the

"**Compromise Order**"). The settlement approved by the Compromise Order, *inter alia*,

provided for distribution to the holders of allowed general unsecured claims of the lesser of (a)

10% of allowed general unsecured claims or (b) $325,000, even if the funds made to use such

distribution would otherwise have been subject to SWK's security interest (the "**Settlement**

**Funds**").

8.      Pursuant to this Court's Order Approving *Stipulation Authorizing Use Of Cash*

*Collateral Between Debtor Response Genetics, Inc. And SWK Funding, LLC* entered November

18, 2015 [Docket No. 247] (the "**SWK Stipulation**"), SWK consented to fund the Debtor's wind

down of operations by permitting the Debtor to retain $280,000 of the Sale Proceeds and the

balance of any funds escrowed for the payment of professional fees (the "**Wind Down Funds**").

**C.      The Bar Date and Claims Objections**

9.      On October 9, 2015, the Court entered its *Order (1) Fixing Bar Date for the*

*Filing of Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy*

*Code, (2) Designating Form and Manner of Notice Thereof, and (3) Granting Related Relief*

[Docket No. 208], establishing November 24, 2015 as the last date for, among other things, filing

proofs of claim arising prior to the Petition Date.

10.     The Debtor has analyzed all timely filed claims. On January 29, 2016, the Debtor

filed the following claim objections: (a) *Debtor's First (Non-Substantive) Omnibus Objection*

*To Claims Pursuant To Section 502(b) of The Bankruptcy Code, Bankruptcy Rules 3003 and*

*3007, and Local Rule 3007-1* [Docket No. 315] (the "**First Omnibus Objection**") and (b)

*Debtor's Second (Non-Substantive) Omnibus Objection To Claims Pursuant To Section 502(b)*

*of The Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No.

316] (the "**Second Omnibus Objection**" and together with the First Omnibus Objection, the

"**Omnibus Claim Objections**").

11.    By the First Omnibus Objection, the Debtor objected to approximately 40 claims

in the approximate aggregate amount of $155,000. The subject claims were filed on account of

the holders' prepetition equity interest in the Debtor. Holders of equity were not required to file

proofs of interest and such claims should be reclassified as such so that such holders do not

receive any distribution on account of their equity interest.

12.    By the Second Omnibus Objection, the Debtor objected to three claims in the

approximate aggregate amount of $261,000 on the basis of no liability.

13.    On March 1, 2016, the Court approved the First Omnibus Objection. *See* [Docket

No. 347]. On March 1, 2016, the Court approved the Second Omnibus Objection. *See* [Docket

No. 348].

**D.    Collection of Accounts Receivable**

14.    On December 7, 2015, the Debtor filed the *Motion Pursuant to Sections 105(a)*

*and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 for an Order Authorizing the*

*Debtor to Employ GPK Consulting, LLC to Collect and Disburse Proceeds of Outstanding*

*Accounts Receivable* [Docket No. 262] (the "**A/R Motion**") seeking authorization to hire a

consultant to assist with the collection of the Debtor's accounts receivables that were not sold to

CGI. On January 5, 2016, the Court entered an order [Docket No. 295] approving the A/R

Motion. The Debtor and its consultant continue to collect outstanding accounts receivable. The

proceeds are being used to satisfy the prepetition secured claim of SWK. The Debtor does not

anticipate the collection of the accounts receivable to fully satisfy SWK's prepetition secured

claim in full.

### E.    Available Funds for Distribution

15.    Per the Compromise Order, the Committee is currently holding $325,000 for

benefit of allowed general unsecured claims. If the Omnibus Claim Objections are approved, the

Debtor estimates there are a total of 287 allowed general unsecured claims in the aggregate

amount of $2,821,522.35. A schedule listing the claims and corresponding claim amounts is

annexed hereto as **Exhibit B**. As a result, the Committee plans to make a distribution to the

holders of allowed general unsecured claims that equals 10% of the aggregate amount of such

allowed claims as reflected on **Exhibit B**. The difference between the Settlement Funds (*i.e.*,

$325,000) and the proposed distribution (*i.e.*, 10% of $2,821,522.35 or $282,152.24) will be

returned to SWK per the terms of the Compromise Order. The foregoing funds will not be made

available for the holders of allowed general unsecured priority claims and the Debtor does not

have sufficient cash to make distributions to such claims.

### F.    503(b)(9) Claims

16.    As reflected on **Exhibit B** hereto, there were five claims (the "**503(b)(9) Claims**")

filed on account of good delivered during the twenty day prior to the Petition Date. By section

503(b)(9) of the Bankruptcy Code, these claims are entitled to administrative expense priority. The 503(b)(9) Claims will be paid in full in connection with the distribution to allowed general unsecured claims. All other administrative expenses claims will be paid in full.

**G.    The Committee Consents the Relief Sought**

17.    The Debtor has consulted with the Committee and the Committee agrees that dismissal is warranted and in the best interests of creditors for the reasons stated herein.

**H.    Excess Wind Down Funds**

18.    In connection with the dismissal of the Debtor's case, the Debtor will remit to SWK any excess Wind Down Funds that remain after the completion of the wind down of the Debtor's operations.

**RELIEF REQUESTED**

19.    By this Motion, the Debtor requests the entry of an order (i) authorizing the distribution of the Settlement Funds to the holders of allowed general unsecure claims, (ii) approving the dismissal of the Chapter 11 Case, pursuant to section 1112(b) of the Bankruptcy Code or, in the alternative, section 305(a) of the Bankruptcy Code, subject to certification of counsel that (a) the Settlement Funds have been distributed, (b) outstanding fee payable to the United States Trustee have been paid, and (c) final fee applications have been approved by the Court, and (iii) upon dismissal of the Debtor's Chapter 11 Case, all of the orders entered by the Court in this case shall remain in full force and effect.

DOCS_LA:296569.5

## BASIS FOR RELIEF

### A.    Dismissal of the Chapter 11 Case is Warranted Under Section 1112(b).

20.    Pursuant to section 1112(b)(1) of the Bankruptcy Code, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1); *Official Committee of Unsecured Creditors v. CIT Group/Business Credit, Inc. (In re Jevic Holding Corp.)*, 787 F.3d 173 (3d Cir. 2015). "Section 1112(b) requires a two-step process in which the court first determines whether there is 'cause' to convert or dismiss, and next chooses between conversion and dismissal based on 'the best interest of creditors and the estate.'" *In re American Capital Equipment, LLC*, 688 F.3d 145, 161 (3d Cir. 2012). Dismissal is mandatory once a court has found that "cause" exists and that dismissal is in the best interests of a debtor's creditors and its estate. *See In re Riverbend Community, LLC*, No. 11-11771 (KG), 2012 WL 1030340, at *3 (Bankr. D. Del. Mar. 23, 2012) (court must dismiss if cause shown unless unusual circumstances exist); *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court *shall* dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate.") (emphasis in original).

21.    The Court has "broad authority to act in a manner that will prevent injustice or unfairness in the administration of bankruptcy estates." *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2011). This authority includes the ability to grant a dismissal with conditions. *See In re Fleurantin*, 420 Fed. App'x 194, 197 (3d Cir. 2001) (bankruptcy court's finding that

8

structured dismissal with conditions was in best interests of creditors was not abuse of discretion).

22.    As set forth above, (a) the Debtor has sold substantially all of its assets and no longer has operations to generate revenue to further administer this case, (b) the Debtor has completed the claims reconciliation process, and (c) by the time this Motion is heard by the Court, each of the estate's professionals will have filed a final fee application. Further, the Debtor does not have sufficient cash to prosecute and confirm a plan of liquidation. Accordingly, any continuation of the Chapter 11 Cases will have no demonstrable benefit to the Debtor's creditors or its estate. Therefore, the Court should permit the Debtor to make distribution to the holders of allowed general unsecured claims and dismiss the Chapter 11 Case as set forth herein.

### (i)    Cause Exists to Dismiss the Chapter 11 Case

23.    The decision regarding whether cause exists to dismiss a chapter 11 case is determined on a case-by-case basis and is within the sound discretion of the bankruptcy court. *American Capital*, 688 F.3d at 161; *In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007); *see also Sullivan Central Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 728 (5th Cir. 1991); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984).

24.    The Debtor submits that cause exists to dismiss the Chapter 11 Case because the Debtor does not have sufficient cash to prosecute and confirm a plan of liquidation. *See Jevic*, 787 F.3d at 180 (affirming dismissal of chapter 11 cases where "the estate was almost entirely depleted and there was no chance of a plan of reorganization being confirmed.").

9

25.    Here, the Debtor has sold substantially all of its assets and is no longer conducting any business operations.  As such, there is no business to reorganize and there are no further assets to liquidate.  While the Debtor and its consultant are collecting outstanding accounts receivable, those proceeds are subject to SWK's valid, prepetition lien. The Debtor does not anticipate that the collection of the accounts receivable will satisfy SWK's prepetition secured claim in full. Accordingly, the Debtor has shown that cause exists to dismiss the Chapter 11 Case on the terms described herein pursuant to section 1112(b) of the Bankruptcy Code.

**(ii)    <u>Dismissal is in the Best Interests of the Debtor's Creditors and Estate</u>**

26.    Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must evaluate whether dismissal or conversion is in the best interests of the debtor's creditors and of the estate. *See American Capital*, 688 F.3d at 161; *Rollex Corp. v. Associated Materials (In re Superior Siding & Window)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert."). A court has significant discretion to determine whether dismissal or conversion is the more appropriate alternative. *American Capital*, 688 F.3d at 163. Here, dismissal is more appropriate for several reasons.

27.    The alternatives to dismissal, either requiring the Debtor to prepare and solicit votes on a plan of liquidation or conversion of the Chapter 11 Case to chapter 7 and appointment of a trustee is unnecessary and would impose significant additional administrative costs upon the Debtor's estate with no corresponding benefit. Even if the Debtor could pay the additional administrative costs associated with conversion, the Debtor has no remaining assets, including

avoidance actions, that a chapter 7 trustee could utilize to generate funds for distribution or otherwise for the benefit of the Debtor's creditors or its estate. Accordingly, dismissal is appropriate under the circumstances of the Chapter 11 Case. *See Riverbend*, 2012 WL 1030340, at *4 (finding dismissal proper where, among other things, debtor had no likelihood of rehabilitation and no assets, operations, or cash flow); *In re Midwest Properties of Shawano, LLC*, 442 B.R. 278, 286 (Bankr. D. Del. 2010) (finding dismissal proper where operations not sufficient to pay expenses and trustee would add more costs); *3 Ram*, 343 B.R. at 118 (finding dismissal proper where no estate for chapter 7 trustee to administer).

28.    Moreover, the Court may consider the expressed interests of creditors and other parties in interest when determining whether dismissal or conversion is in the best interests of creditors. *See In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 801 (E.D. Pa 2000) (bankruptcy court properly considered opinions of committee members and United States Trustee when evaluating best interests of creditors); *In re Mazzocone*, 183 B.R. 402, 413-14 (Bankr. E.D. Pa. 1995) (preference of one creditor not dispositive of the best interests of creditors, but global approach is appropriate). Here, the Committee and Debtor are united in their determination to seek dismissal of the Chapter 11 Case.

29.    The Third Circuit Court of Appeals has recently held that, under certain circumstances, the Bankruptcy Code "permits a structured dismissal, even one that deviates from the [section] 507 priorities, when a bankruptcy judge makes sound findings of fact that the traditional routes out of Chapter 11 are unavailable and that a settlement is the best feasible way of serving the interests of the estate and its creditors." *Jevic*, 787 F.3d at 185-186.

30.     This Court has previously granted dismissals pursuant to section 1112(b). *See,*

*e.g., In re G.I. Joe's Holding Corp.,* Case No. 09-10713 (KG) (Bankr. D. Del. Mar. 10, 2011)

[Docket No. 753]; *In re Distributed Energy Systems Corp.,* Case No. 08-11101 (KG) (Bankr. D.

Del. Sept. 24, 2010); *In re CFM U.S. Corp.,* Case No. 08-10668 (KJC) (Bankr. D. Del. Feb. 1,

2010) [Docket No. 1282]; *In re Foamex Int'l Inc.,* Case No. 09-10560 (KJC) (Bankr. D. Del. Jan.

20, 2010) [Docket No. 761]; *In re Alternative Distribution Systems, Inc.,* Case No. 09-13099

(PJW) (Bankr. D. Del. Dec. 1, 2009) [Docket No. 213]; *In re KB Toys, Inc.,* Case No. 08-13269

(KJC) (Bankr. D. Del. Dec. 1, 2009) [Docket No. 914]; *In re Wickes Holdings, LLC,* Case No.

08-10212 (KJC) (Bankr. D. Del. May 11, 2009) [Docket No. 1418].

**B.      Dismissal of the Chapter 11 Cases is Warranted Under Section 305(a).**

31.     Alternatively, "cause" exists to dismiss the Chapter 11 Case pursuant to section

305(a) of the Bankruptcy Code, which provides that "[t]he court, after notice and a hearing, may

dismiss a case under this title, or may suspend all proceedings in a case under this title, at any

time if . . . the interests of creditors and the debtor would be better served by such dismissal or

suspension. . . ." 11 U.S.C. § 305(a).

32.     Dismissal pursuant to section 305(a) is an extraordinary remedy, and dismissal is

only appropriate where the court finds that both creditors and the debtor would be better served

by dismissal. *In re AMC Investors, LLC,* 406 B.R. 478, 487-88 (Bankr. D. Del. 2009).

Dismissal under this provision is determined on a case-by-case basis and rests in the sound

discretion of the bankruptcy court. *In re Sky Group Intern, Inc.,* 108 B.R. 86, 91 (Bankr. W.D.

Pa. 1989). Many factors are considered when determining the best interests of creditors and the

debtor, including (i) the economy and efficiency of administration, (ii) whether federal proceedings are necessary to reach a just and equitable solution, (iii) whether there is an alternative means of achieving an equitable distribution of assets, and (iv) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case. *AMC Investors*, 406 B.R. at 488.

33.    As described above, cause exists for dismissal. The Debtor has sold substantially all of its assets. Pursuant to court-approved compromises, the Debtor has cash to pay the costs arising from the wind down of the estate, fees of professionals, and make a 10% distribution to the holders of allowed general unsecured claims. Incurring additional expenses to confirm a plan of liquidation will be futile because the Debtor does not have sufficient cash to make the necessary distributions required by the Bankruptcy Code. Further, conversion to chapter 7 would impose additional administrative costs without any corresponding benefit to the estate because there are no other assets or claims that can be liquidated that would result in distributions to creditors. In addition, dismissal of the Chapter 11 Case as set forth in this Motion ensures payment of all United States Trustee fees and provides an expeditious distribution to creditors.

34.    This Court has previously granted dismissals pursuant to section 305(a). *See e.g., In re Coach Am Group Holdings Corp.*, Case No. 12-10010 (KG) (Bankr. D. Del. May 31, 2013) (dismissing case pursuant to section 305(a)) [Docket No. 1568]; *In re TSIC, Inc. f/k/a Sharper Image Corporation*, Case No. 08-10322 (KG) (Bankr. D. Del. Dec. 27, 2012) (dismissing case pursuant to sections 1112(b) and 305(a)) [Docket No. 2541].

DOCS_LA:296569.5

## RELATED RELIEF

35.     The Debtor requests that this Court authorize the estate and its professionals (to the extent that such professionals control the accounts containing the Wind Down Funds) to distribute any excess Wind Down Funds to SWK.

36.     The Movants further request that, notwithstanding section 349 of the Bankruptcy Code, all prior orders of this Court entered in the Chapter 11 Cases shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Cases.  Such relief has been granted under similar circumstances as set forth in paragraphs 30 and 34.

## NOTICE

37.     Notice of this Motion has been given to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) all known creditors of the Debtor; and (iv) all parties that have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice is required.

## CONCLUSION

38.     The Debtor respectfully requests the entry of an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems just and proper.

14

Dated:  March *22* 2016

PACHULSKI STANG ZIEHL & JONES LLP

*James E. O'Neill*

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: jpomerantz@pszjlaw.com
          ikharasch@pszjlaw.com
          joneill@pszjlaw.com
          jlucas@pszjlaw.com

Counsel for the Debtor and Debtor in Possession

15