IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RESPONSE GENETICS, INC.,[1] | ) |
| | ) |
| Debtor. | ) Case No. 15-11663 (LSS) |

Related Docket No.: 365

## ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND GRANTING RELATED RELIEF

Upon consideration of the *Debtor's Motions for Entry of an Order Dismissing the Debtor's Chapter 11 Case and Granting Related Relief* (the "**Motion**");[2] and the court having considered the Motion, the record of this Chapter 11 Case, and any argument of counsel made at any hearing on the Motion; and based upon the foregoing:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has demonstrated sufficient bases for the dismissal of the Chapter 11 Case pursuant to section 1112(b) of the Bankruptcy Code, including the fact that the Debtor has no ongoing business operations and has completed the claims reconciliation process.

---

[1] The last four digits of the Debtor's tax identification number are: (5548). The location of the Debtor's headquarters and service address is 1640 Marengo St., 7th Floor, Los Angeles, CA 90033.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

C.  Proper and adequate notice of the Motion was provided by the Debtor in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Rules and, accordingly, no other or further notice is necessary.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

1. The Committee and its professionals are hereby authorized to distribute the Settlement Funds to the holders of allowed general secured claims per the terms of the Compromise Order and consistent with holders of claims described on **Exhibit A** to the Motion.

2. The Debtors are authorized to pay the 503(b)(9) Claims in the amounts set forth in **Exhibit B** to the Motion.

3. To the extent the Debtor or the Committee retains any excess Wind Down Funds, the Debtors and its professionals shall turnover such funds to SWK.

4. Rust Consulting Omni Bankruptcy ("**Rust Omni**"), the Debtor's court approved claims and noticing agent, shall provide the Court or its clerk, as appropriate, with the final versions of the Debtor's claims registers reflecting all claims then asserted against the Debtor no later than fourteen (14) business days after Rust Omni receives notice of entry of this Order.

5. As soon as practicable after Rust Omni receives notice of the dismissal of the Chapter 11 Case, Rust Omni shall box and transport all original documents, in proper format, as provided by the Clerk of Court for the Bankruptcy Court for the District of Delaware (the "**Clerk**"), to the Federal Archives Record Administration, located at Central Plains Region, 200

Space Center Drive, Lee's Summit, MO 64064 or such other location requested by the Clerk's office.

6.  Upon Rust Omni's completion of its duties under the foregoing paragraphs, Rust Omni shall be dismissed as the Debtor's claims and noticing agent.

7.  Upon filing a certification of counsel that the following have been satisfied

8.  Pursuant to section 1112(b) of the Bankruptcy Code, the Debtor may submit a proposed order dismissing chapter 11 case of Response Genetics, Inc., Case No. 15-11163 (LSS), upon the filing of a certification of counsel that the following have been satisfied:

   (a) The Debtor has paid all outstanding United States Trustee fees;

   (b) The Settlement Funds have been distributed to the holders of allowed general unsecured claims set forth on Exhibit B to the Motion; and

   (c) The Court has approved fee applications of estate professionals on a final basis.

9.  Nothing in the proposed order dismissing the Debtor's Chapter 11 Case or by virtue of the dismissal of the Chapter 11 Case shall result in the consequences set forth in section 349(b) of the Bankruptcy Code or vacate, nullify, or otherwise modify any order, judgment, or decree entered during the Chapter 11 Case.

10. The Debtor is hereby authorized to take any or all actions necessary or appropriate to implement or effectuate the provisions of this Order.

11. To the maximum extent permitted by law, this Court retains its jurisdiction to interpret, enforce, or otherwise give effect to any and all orders, judgments, or decrees entered during the Chapter 11 Case.

12. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

Dated: April 18, 2016

*[signature]*
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE